# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: A.M. and Z.K.**

**No. 13-1202** (Jackson County 13-JA-2 and 13-JA-3)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Erica Brannon Gunn. Her appeal arises from the Circuit Court of Jackson County, which terminated her parental rights to eight-year-old A.M. and three-year-old Z.K. by order entered on November 12, 2013. The guardian ad litem for the children, Laurence W. Hancock, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and in denying petitioner an improvement period before terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, in family court, petitioner's mother filed a petition seeking guardianship of the children. Due to allegations of abuse and neglect contained in the petition, the matter was turned over to circuit court as an abuse and neglect proceeding and the DHHR filed an abuse and neglect petition in January of 2013. The petition alleged that petitioner abused and neglected her children through her failure to provide them with necessary food, clothing, shelter, supervision, medical care and/or education. The petition also alleged that petitioner would leave her children with her mother for months at a time while she was either homeless, resided with different friends, or stayed with a man she admitted abused her and with whom she did drugs. The petition also stated that during these periods of absence, petitioner failed to maintain contact with her mother and children and she failed to provide any food or clothing to them.

Petitioner waived her rights to a preliminary hearing and the matter proceeded to adjudication. After finding that, pursuant to West Virginia Code § 49-1-3(8)(H), petitioner's drug and alcohol abuse impaired her parenting skills to the degree as to pose an imminent risk to the children's health and safety, the circuit court adjudicated petitioner as an abusing parent. Under West Virginia Code § 49-1-3(11)(A), the circuit court found that the children were neglected due to petitioner's failure to supply them with necessary food, clothing, shelter, supervision, medical care, and/or education. Petitioner filed a written motion for an improvement

1

period that simply asserted that she would be willing to participate in the terms and conditions of an improvement period and that she is an apt and suitable person to be entrusted with the custody of her children.

The circuit court heard testimony from several witnesses at the dispositional hearings in the autumn of 2013. The family's Child Protective Services ("CPS") worker testified that petitioner was recommended for inpatient substance abuse treatment in connection with this matter, but failed to participate in any inpatient programs. The CPS worker also highlighted petitioner's failure to attend some of the hearings throughout the case. Petitioner testified that she began counseling for her drug abuse about a month prior, which was also around the time she last used drugs. Based upon evidence presented at the dispositional hearings, the circuit court found that petitioner failed to maintain consistent contact with the DHHR, failed to enter inpatient treatment despite recommendations to do so, and failed to secure an independent residence for her and her children. The circuit court denied petitioner's motion for an improvement period, concluding that there was no reasonable likelihood that petitioner would substantially correct the abuse and neglect conditions of the petition and that termination was in the children's best interests. Petitioner appeals this termination order.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two arguments on appeal. Petitioner argues that the circuit court erred in denying her motion for an improvement period and in terminating her parental rights. Petitioner asserts that she presented evidence that she had already taken numerous steps to overcome her drug addiction and that she would be willing and able to correct the conditions of abuse and neglect that led to the filing of the petition.

Upon our review of the record submitted on appeal, we find no error. Pursuant to West Virginia Code § 49-6-12, a parent who moves for an improvement period bears the burden of filing a written motion for this request and showing by clear and convincing evidence that he or she would substantially comply with the terms of the improvement period. Under this statute, the

circuit court has the discretion to grant or deny such a motion. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Under West Virginia Code § 49-6-5(b)(3), a parent failing to respond to rehabilitative efforts is considered a circumstance in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected.

The record reveals that petitioner's alcohol and substance abuse dates back to her teenage years and that her previous acknowledgements of her abuse led to unsuccessful attempts at treatment. Further, it was not until about a month before the dispositional hearing that petitioner sought treatment. Petitioner failed to attend some court hearings, without explanation, and failed to participate in some of the recommended services. This evidence was sufficient to support the circuit court's findings and conclusions to deny petitioner an improvement period and its findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline

consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998).  Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home."  Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  March 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II